Wilson, Chief Justice, delivered the opinion of the court: Upon the trial of an action of ejectment for the recovery of a tract of land in the court below, the defendant, in order to prove title to the land in controversy, offered in evidence a deed to the land, from the auditor of the state to W. -Keyes, assignee of H. H. Snow, dated the 8th of January, 1829, purporting to be made in pursuance of a sale of the said land by the auditor, on the 3rd of January, 1827, for the taxes due on the same for the years 1825 and 1826. To the introduction of this evidence the plaintiffs ob- [* 142] jected, but the court overruled the objection, and allowed the deed to be read as evidence of title. This decision is now assigned for error. The question raised in this case has been settled by this court in the case of Garret v. Wiggins, 1 Scam. 335. In that case a sale and conveyance of land had been made by the auditor, for the payment of taxes under the same law that the sale and conveyance in this case was made, and in deciding upon the effect of the deed, the court there says, that the party relying upon the deed “must show that all the indispensable preliminaries to a valid sale which the law prescribes, have been complied with, or the conveyance will pass no title. This rule is founded on authority and reason, and settles the illegality of the admission of the deed offered in evidence by the defendant. To render the auditor’s deed to land made in pursuance of a sale for taxes, under the law in force in 1827, evidence of title to the land, it is incumbent upon the party offering it, to show the authority of the auditor to make it, by showing the land liable to sale, and the performance by him of all the preliminary acts required by law. The deed of the auditor to Keyes conferred no title, unless made in conformity to all the requirements of the law; and the proof of a compliance with the prerequisites to a sale devolved upon the party offering the deed in evidence; and for the omission to make such proof, the court ought to have rejected the deed. Other objections are made to the deed’s being received as evi-deuce of title, but it is unnecessary to notice any other than the plain and obvious one alluded to. The judgment of the court below is reversed, and, in accordance, with the stipulations of the case, judgment is here rendered for the plaintiffs. Judgment reversed. After the decision of this cause, the plaintiff in error discovered that the demise containéd in the declaration had expired; and he therefore moved to amend the record by striking out the word “ five,” before the word years, in the demise in the declaration, and inserting the word “ ten.” The motion was allowed. Motion allowed.